UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GRANT ANDERSON, *also known as*
*Jibril Lugman Ibrahim*,

    Petitioner,

    v.

UNITED STATES OF AMERICA and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No. TDC-22-2392

**MEMORANDUM ORDER**

Petitioner Grant Anderson, also known as Jibril Lugman Ibrahim, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 1988 conviction in the Superior Court of the District of Columbia. In the Petition, Anderson asserts a claim of ineffective assistance of appellate counsel. The United States of America, as Respondent, filed a Limited Answer in which it argues that the Petition should be dismissed because Anderson is not currently in custody or otherwise subject to a constraint on his liberty based on his conviction, and that the Petition should also be dismissed as time-barred. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Anderson was afforded an opportunity to explain why the Petition should not be dismissed as time-barred, and he submitted a Reply.

Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED for lack of jurisdiction because Anderson is not in custody within the meaning of 28 U.S.C. § 2254.

## BACKGROUND

In 1988, Anderson was convicted after a jury trial in the Superior Court of the District of Columbia of Assault with Intent to Commit Rape While Armed, Burglary in the First Degree While Armed with Intent to Commit Assault, Burglary in the First Degree While Armed with Intent to Steal, and Assault on a Police Officer While Armed. On October 27, 1988, on each of the first three counts, he was sentenced to no less than 15 years to life imprisonment, with the three sentences to run concurrently. On the Assault on a Police Officer While Armed conviction, Anderson was sentenced to no less than 40 months to 10 years of imprisonment, to run consecutively to the other sentences.

In 1997, the enactment of the National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, 111 Stat. 251 (1997), "effectively closed the District of Columbia Department of Corrections and 'transferred [all D.C. felons] to a penal or correctional facility operated or contracted for by the Bureau of Prisons.'" *United States v. Savage*, 737 F. 3d 304, 308 (4th Cir. 2013) (quoting D.C. Code § 24–101(b)). Similarly, in 1997, the United States Parole Commission assumed the jurisdiction and authority of the Board of Parole of the District of Columbia "to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or re-parole under the District of Columbia Code." D.C. Code Ann. § 24–131(a)(1) (West 2022). Accordingly, pursuant to these laws, Anderson was transferred and committed to the Federal Bureau of Prisons ("BOP") on May 30, 2001, to serve the balance of the sentence imposed by the D.C. Superior Court

On January 23, 2009, Anderson was released on parole. On February 29, 2016, Anderson received a certificate of early termination and was fully discharged from parole. Anderson's sentence did not include a term of probation.

## DISCUSSION

In the Limited Answer, Respondent argues that the Petition should be dismissed because (1) Anderson was no longer in custody when the Petition was filed, as required to pursue federal habeas relief; and (2) the Petition is time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). In his filings, Anderson appears to argue that he remains in custody because he must register as a sex offender in the state of Maryland. He also appears to argue that the Petition is not time-barred because some of his arguments were never pursued on appeal, that he is generally innocent, and that he is entitled to equitable tolling. Because the Court finds that Anderson is not in custody, it will dismiss the Petition and need not address the remaining arguments.

### I. Custody Requirement

This Court's authority to grant habeas relief under § 2254 is limited to instances in which the petitioner is "in custody pursuant to the judgment of a State court." *Felker v. Turpin*, 518 U.S. 651, 662 (1996). The federal habeas statute thus gives federal courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2018); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989). This requirement mandates that the petitioner must be in custody under the conviction or sentence under attack as of the time that the petition was filed. *See Maleng*, 490 U.S. at 490-91; *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Here, Anderson was fully released from custody on February 29, 2016, when he received a certificate of early termination and was fully discharged from parole. Under the relevant provisions of the District Columbia Code in effect as of 2016, "a parolee shall remain in the legal custody and under the control of the Attorney General . . . until . . . [t]he Commission terminates

3

legal custody over such parolee under subsection (a-1) of this section." D.C. Code § 24-404(a)(2). Pursuant to that provision, "[u]pon its own motion or upon request of a parolee, the Commission may terminate legal custody over the parolee before expiration of the parolee's sentence." *Id.* § 24-404(a-1)(1). As previously noted, Anderson's sentence did not include a term of probation to follow imprisonment. Accordingly, Anderson was released from custody on his conviction and sentence as of February 29, 2016 and thus was not in custody when he filed the Petition with this Court over six years later, on September 19, 2022.

To the extent that Anderson argues that he remains in custody because he is required to register as a sex offender in Maryland, his state of residence, that argument fails. The United States Court of Appeals for the Fourth Circuit has held that a requirement that the petitioner must register as a sex offender is a collateral consequence of conviction and is thus not sufficient to meet the "in custody" requirement for a federal habeas petition. *Wilson v. Flaherty*, 689 F.3d 332, 336–38 (4th Cir. 2012); *see also Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). "To rule otherwise would drastically expand the writ of habeas corpus beyond its traditional purview and render § 2254's 'in custody' requirement meaningless." *Wilson*, 689 F.3d at 338.

Anderson also argues that he remains in custody because any future violation of the Maryland sex offender registration statute, Md. Code Ann., Crim. Proc. § 11-704 (West 2017), "would again subject petitioner to prison." Reply at 2, ECF No. 10. Such potential future consequences do not satisfy the custody requirement. If Anderson fails to comply with the registration requirements, he will be subject to the penalties set forth in the state law, Md. Code Ann., Crim Proc. § 11-721. Anderson would not be subject to those penalties unless it was proven

that he knowingly failed to register, knowingly failed to provide notice or any information required by the Maryland sex offender registration statute, or knowingly provided false information regarding a material fact. *See id.* § 11-721(a). The failure to comply with the sex offender registration statute is a separate offense requiring proof beyond a reasonable doubt of a different set of elements from those underlying Anderson's convictions or the requirements of his parole. *See e.g., Twine v. State*, 910 A.2d 1132, 1140 (Md. 2006) (finding insufficient evidence to support a violation of the Maryland sex offender registration law).

Because Anderson was not in custody at the time of the filing of the Petition based on the conviction and sentence he seeks to challenge through the Petition, this Court lacks jurisdiction to consider the Petition, which must be dismissed. *See Maleng*, 490 U.S. at 490.

## II.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Anderson must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as here, a petition is dismissed on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review of the record, the Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability.

Anderson may still request that the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus, ECF No. 1, is DISMISSED.

2. The Court declines to issue a certificate of appealability.

3. The Clerk shall send a copy of this Memorandum Order to Anderson and shall close this case.

Date: November 28, 2023

THEODORE D. CHUANG
United States District Judge